**Garry EDMONDSON, Kenton County Attorney, Appellant,**

v.

**Jon ALIG, Appellee.**

**No. 95–CA–1138–MR.**

Court of Appeals of Kentucky.

Aug. 2, 1996.

Garry L. Edmondson, Covington, Rita Ferguson, Office of County Attorney, Newport, for appellant.

Jon Alig, Covington, pro se.

Before WILHOIT, C.J., and COMBS and HUDDLESTON, JJ.

### *OPINION*

COMBS, Judge.

This is an appeal from a summary judgment entered April 13, 1995, by the Kenton Circuit Court in favor of Jon Alig. That court ordered Garry Edmondson, Kenton County Attorney, to provide access to certain records that Alig had requested pursuant to the Kentucky Open Records Act. For the reasons set forth below, we vacate and remand the judgment to the circuit court.

Jon Alig, by letter dated November 3, 1994, requested that the Kenton County Attorney provide him access under the Kentucky Open Records Act (KRS 61.870 *et seq.*) to certain records of which he believed the County Attorney was custodian. Specifically, Alig requested to inspect and copy "any and all documents and/or records concerning [a specific individual's] involvement in the IV–D program [1], including, but not limited to, her application, approval, and any benefits she has received, either by herself or on behalf of the minor child fathered by [Alig's client.]"

On November 10, 1994, having failed to receive a response to his request for access to the records, Alig forwarded a letter to the

---

1. The "IV–D program" refers to a system by which states participating in the federal Aid to Families with Dependent Children program attempt to reduce the welfare rolls by collecting child support payments for welfare recipients. *See* Part D of Title IV of the Social Security Act. At the time the records request was submitted, the Division of Child Support Enforcement within the Cabinet for Human Resources administered the "IV–D program." Pursuant to KRS 205.712(4), the Cabinet for Human Resources contracted with County Attorney Edmondson to administer the program.

Attorney General's office demanding a written decision concerning the request. Before the Attorney General's office could address Alig's request for review, County Attorney Edmondson responded to Alig's request for access to the documents. The County Attorney advised Alig as follows:

Pursuant to your letter of November 3rd, this is to advise that the information you seek is exempt under KRS 61.878(1)(a)(k)(*l*).

Edmondson did not elaborate further.

The Attorney General's office considered the request and Edmondson's response. On December 15, 1994, it issued its unpublished decision numbered 94–ORD–154. It opined that the County Attorney had violated the Act by issuing a response that was both procedurally and substantively deficient. Procedurally, the Attorney General's office noted that Edmondson's failure to respond to Alig's request within three business days of its receipt constituted a violation of the Act. With regard to the substance of Edmondson's response, the Attorney General's decision noted that:

[I]n denying Mr. Alig's request, Mr. Edmondson did nothing more than cite the ostensibly relevant exceptions to public inspection. Although he cited KRS 61.878(1)(k) and (*l*), relating to records made confidential by state or federal law, Mr. Edmondson did not cite the applicable state or federal law. Nor did he explain how KRS 61.878(1)(a), the privacy exception, applies to these records.

It has long been the position of this office that the mere invocation of an exception, without an adequate explanation of how the exception applies to the records withheld, does not satisfy the burden of proof imposed on the agency under KRS 61.880(2)(c) and KRS 61.882(3). Mr. Edmondson did not attempt to establish that disclosure of the requested records would constitute a clearly unwarranted invasion of personal privacy. Nor did he reference the relevant state or federal law barring disclosure, or explain its application to the disputed records.

As a result of the deficiencies in the County Attorney's response, the Attorney General's office concluded that the requested records must be released to Alig immediately. Importantly to this appeal, however, the Attorney General's decision also included the following language:

We do not suggest that Mr. Edmondson's invocation of these exceptions was unwarranted, only that he failed to satisfy his statutory burden of proof.

Pursuant to KRS 61.882, County Attorney Edmondson filed a complaint on January 13, 1995, seeking a *de novo* review in Kenton Circuit Court of the Attorney General's decision requiring the disclosure of the requested documents. Cross-motions for judgment were filed, and the court entered summary judgment in favor of Alig. This appeal followed.

County Attorney Edmondson argues that his response to Alig's request for records was sufficient. We disagree.

Where the custodian of requested records believes that those records are not subject to disclosure, the provisions of KRS 61.880(1) direct as follows:

An agency response denying, in whole or in part, inspection of any record shall include a statement of the specific exception authorizing the withholding of the record *and a brief explanation* of how the exception applies to the record withheld. (Emphasis added.)

The language of the statute directing agency action is exact. It requires the custodian of records to provide particular and detailed information in response to a request for documents. Therefore, we cannot agree with County Attorney Edmondson that his limited and perfunctory response to Alig's request even remotely complied with the requirements of the Act—much less that it amounted to substantial compliance.

Edmondson also argues that the circuit court erred in ordering the disclosure of the requested records because, as he maintains, he is not the custodian of the records Alig seeks to review. We are not persuaded by his argument that Alig's records request should have been directed to the Cabinet for Human Resources or the Social Security Ad-

ministration rather than to him and that, as a result, he cannot be ordered to disclose the records.

 The drafters of the open records legislation envisioned this very sort of dispute and included KRS 61.872(4), which provides as follows:

> If the person to whom the application is directed does not have custody or control of the public record requested, that person shall notify the applicant and shall furnish the name and location of the official custodian of the agency's public records.

Edmondson's response to Alig's request did not deny that he was the custodian—nor did it include information relevant to obtaining the records from a different source. He ignored the mandatory language of the statute, which provides clear direction for his dilemma. Furthermore, we believe that by virtue of his election to participate in the IV–D program, Edmondson acts as an agent of the Cabinet for Human Resources with respect to the administering of that program. To that extent, he is subject to the Open Records Act. Finally, County Attorney Edmondson somewhat equivocates as to his true role by conceding to us that he may very well have actual physical custody and control of the requested documents.

 Despite the undeniable deficiencies in Edmondson's response, we nonetheless cannot agree with the remedy of disclosure ordered by the Attorney General's office and circuit court. Both the Attorney General's office and the circuit court expressed concerns that the records requested may indeed qualify as exempt from mandatory disclosure. Yet, without reference to or an analysis of the provisions of KRS 61.878 (describing the exemptions), they simply ordered the release of the requested information—presumably as the only sanction available *vis a vis* an errant custodian.

The crucial issue—that of the exempt status of the material sought to be disclosed—has been overlooked entirely. We hold that it is incumbent upon the circuit court to examine this material and to make a determination as to whether it is substantively exempt from disclosure. If indeed it is exempt,

then its disclosure as a sanction against the County Attorney is inappropriate and impermissible. Under such circumstances as these, it may be that the legislature has failed to provide an appropriate sanction as to the custodian of records. But that is an omission that needs to be addressed by appropriate remedial legislation rather than by releasing materials intended to be protected from public scrutiny. This error cannot be remedied by committing another and thus compounding mistakes at the possible expense of due process. It is the substance of the material sought to be discovered that will determine the propriety of the court's order—not the desire to fashion a sanction against County Attorney Edmondson.

The judgment of the Kenton Circuit Court is vacated and this matter is remanded for proceedings consistent with this opinion.

All concur.