JONES, JUDGE:
*854 Acting without the assistance of counsel, the Appellant, Ruben Rios Salinas, a Kentucky inmate currently incarcerated at the Kentucky State Penitentiary in Eddyville, Kentucky, challenges the Franklin Circuit Court's opinion and order, wherein the circuit court determined that Appellee, Correct Care Solutions, LLC, ("Correct Care") was not a public agency subject to the disclosure requirements of Kentucky's Open Records Act, KRS 1 61.870 et seq. Having reviewed the record in conjunction with applicable legal authority, we AFFIRM.
I. BACKGROUND
Correct Care is a health care company that provides health care services to inmates at jails and prisons across the United States, including the Commonwealth of Kentucky. Correct Care was the winning bidder and is the current contractor for health care services to be supplied to inmates in the custody of the Kentucky Department of Corrections.
Ruben Salinas is currently serving a life sentence. He is incarcerated at the Kentucky State Penitentiary in Eddyville, Kentucky. On or about July 1, 2015, Salinas requested Correct Care to provide him with a copy of the current Hepatitis Management Plan for the Kentucky Department of Corrections. Presumably because Salinas sent the request to an incorrect mailing address, Correct Care never received it. As such, it did not send any response to Salinas.
When no response was forthcoming from Correct Care, Salinas requested the Office of the Attorney General ("OAG") to review the matter. See KRS 61.880 and KRS 197.025. The OAG notified Correct Care about the appeal. After receiving the OAG's notification, Correct Care filed a response with the OAG asserting that Correct Care was not a public agency subject to the Open Records Act. The OAG ultimately agreed with Correct Care's interpretation of the Open Records Act. Specifically, in an opinion issued on August 25, 2015, the OAG determined as follows:
No evidence has been presented to suggest that [Correct Care] would qualify as a public agency under KRS 61.870(1)(a), (b), (c), (d), (e), (f), (g), (j), or (k) ; likewise, 61.870(1)(i) is facially inapplicable given that its governing body is not appointed by a public agency. KRS 61.870(1)(h) is the only subsection that is potentially applicable.
Regional Vice President Traczewski confirmed that [Correct Care] is a healthcare company which provides healthcare services to inmates at jails and prisons across the United States, "including in the Commonwealth of Kentucky, and it was the winning bidder and is the current contractor for health care services to be supplied to inmates in the custody of the [DOC]." Mr. Traczewski further attested that he possesses knowledge regarding the operations of [Correct Care] in Kentucky and elsewhere, "including the type of operations from which [Correct Care] derives its revenues *855 and from which it makes its expenditures in Kentucky." Most significantly, the healthcare services that [Correct Care] provides to inmates at jails and prisons, including those in the DOC system, are provided under "competitively bid contracts." Mr. Traczewski swore "under the pain and penalties of perjury that the contents" of his affidavit were true, and specifically advised that, "[a]ll of the revenue that [Correct Care] receives and expends in the Commonwealth of Kentucky is received through the public procurement process." The record on appeal contains no evidence to refute his August 5, 2015, affidavit regarding this dispositive fact. Because all of the funds expended by [Correct Care] in the Commonwealth of Kentucky were derived from a state authority in compensation for goods or services provided under a contract obtained through a public competitive procurement process, and such funds are specifically excluded from the determination of whether it can be properly characterized as a "public agency" under KRS 61.870(1)(h), [Correct Care] does not satisfy the 25% threshold of that definitional provision. See 12-ORD-222. Accordingly, [Correct Care] is not subject to, nor can it be said to have violated the provisions of the Open Records Act.
Ky. Op. Att'y Gen. 15-ORD-161.
Salinas appealed the OAG's decision to Franklin Circuit Court. See KRS 61.880(5). Correct Care moved to dismiss the appeal arguing that it was not a public agency subject to the Open Records Act. Correct Care attached an affidavit from its Regional Vice President, Jeffrey J. Traczewski, to its motion to dismiss. In relevant part, Mr. Traczewski averred as follows:
3. [Correct Care] is a health care company that provides health care services to inmates at jails and prisons across the United States, including the Commonwealth of Kentucky, as it was the winning bidder and is the current contractor for health care services to be supplied to inmates in the custody of the Kentucky Department of Corrections.
4. I have knowledge both as to operations of [Correct Care] in Kentucky and elsewhere, including the type of operations from which [Correct Care] derives its revenues and from which it makes its expenditures in Kentucky. I also have personal knowledge as to the facts set forth in this affidavit.
5. [Correct Care] is a corporate entity that provides health care services to inmates at jails and prisons, including inmates in the Kentucky Department of Corrections prison system, pursuant to competitively bid contracts.
6. All the revenue that [Correct Care] receives and expends in the Commonwealth of Kentucky is received through the public procurement process.
7. [Correct Care] is a limited liability company organized under the laws of the State of Kansas with its corporate principal place of business located at 1283 Murfreesboro Road, Suite 500, Nashville, TN 37217.
8. [Correct Care] is registered to do business in Kentucky as a foreign limited liability company and its principal office in Kentucky is located at 10629 Henning Way, Suite 3, Louisville, Kentucky 40241.
R. at 42.
In its opinion and order dismissing Salinas's appeal, the circuit court concluded as follows:
The relevant provision [of the Open Records Act] is KRS 61.870(1)(h), which characterizes an agency as a public agency if, within any fiscal year, it derives at least 25% of its expended funds in the Commonwealth from state or local *856 authority funds. This, however, excludes funds received as compensation for services provided pursuant to a contract obtained through a public competitive procurement process. The outcome of Petitioner's appeal, therefore, turns on a question of law: whether [Correct Care] is a public agency-a question this Court reviews de novo. Upon review of the Attorney General's Open Records Decision and the relevant statutes and definitions, the Court affirms the decision of the Attorney General and concludes as a matter of law that [Correct Care] is not a public agency subject to the Open Records Act, as all the funds received by [Correct Care] in the Commonwealth are funds received as a consequence for services provided pursuant to a contract obtained through a public competitive procurement process. According to [Correct Care's] Affidavit, all of the revenue that [Correct Care] receives and expends in the Commonwealth is received pursuant to the public procurement process. Because [Correct Care] does not receive at least 25% of its expended funds in the Commonwealth from non-exempted state or local authority funds, [Correct Care] is not a public agency and thus not subject to the Kentucky Open Records Act.
R. at 60-61.
This appeal followed.
II. STANDARD OF REVIEW
If a timely circuit court action is filed following an OAG opinion, it proceeds as an original action just as if it had been filed there in the first instance. See KRS 61.880(5)(a). The circuit court is not bound by the prior OAG opinion in any way or limited to the OAG's evidentiary record. KRS 61.882(3). The burden of proof in an Open Records Act circuit court action is on the agency from which the records are sought. Com., Cabinet for Health and Family Servs. v. Lexington H-L Servs., Inc. , 382 S.W.3d 875, 883 (Ky. App. 2012). The agency must prove that its decision to withhold documents from the requesting party is justified under the terms of the Open Records Act. City of Fort Thomas v. Cincinnati Enquirer , 406 S.W.3d 842, 848 (Ky. 2013). On appeal, we review the circuit court's factual findings for clear error, and issues concerning the construction of the Open Records Act de novo. Commonwealth v. Chestnut , 250 S.W.3d 655, 660 (Ky. 2008).
III. ANALYSIS
Under Kentucky's Open Records Act, "records that are open are open to 'any person' for any purpose." Kentucky New Era, Inc. v. City of Hopkinsville , 415 S.W.3d 76, 85-86 (Ky. 2013) (quoting KRS 61.872(1) ). While there are exceptions to disclosure of some public information, those exceptions are to be strictly construed. See KRS 61.871. Overall, "[t]he statute demonstrates a general bias favoring disclosure." Hardin Cty. Schools v. Foster , 40 S.W.3d 865, 868 (Ky. 2001) (citing Kentucky Bd. of Exam'rs of Psychologists v. Courier-Journal , 826 S.W.2d 324 (Ky. 1992) ).
Only the public records of public agencies are subject to disclosure under the Open Records Act. The Open Records Act defines what constitutes a public agency in KRS 61.870(1)(a)-(k). At issue in this appeal is subsection (1)(h) of KRS 61.870, which was most recently amended effective July 12, 2012. Subsection (h) defines a public agency to include:
Any body which, within any fiscal year, derives at least twenty-five percent (25%) of its funds expended by it in the Commonwealth of Kentucky from state or local authority funds. However, any funds derived from a state or local authority *857 in compensation for goods or services that are provided by a contract obtained through a public competitive procurement process shall not be included in the determination of whether a body is a public agency under this subsection[.]
Id.
The affidavit Correct Care provided to both the OAG and the circuit court is clear that: 1) Correct Care provides services, that is, medical care to prisoners; 2) Correct Care obtained the contract through a public competitive procurement process; and 3) all the revenue that Correct Care expends in the Commonwealth of Kentucky is received under the contract it received through the public competitive procurement process. As such, Correct Care sustained its burden of demonstrating that it is not a public agency as that term is defined in the Open Records Act. Salinas has failed to offer anything that would contradict these statements or that would make Correct Care a public agency under any other part of the Open Records Act.
Instead, Salinas cites inapposite statutes and case law to support his contention that Correct Care must turn over the requested document to him. For example, Salinas cites KRS 197.510 as mandating that Correct Care's records must be open to the public. KRS 197.510 only applies when there is contract between the state and a private provider for the operation and management of an adult correctional facility. Correct Care is not operating and managing the Kentucky State Penitentiary or any other adult correctional facility in this Commonwealth. Correct Care simply provides health care services to inmates at jails and prisons across the United States, including the Commonwealth of Kentucky. Equally unconvincing are Salinas's arguments that other statutes, such as the Model Procurement Code, make Correct Care a public agency subject to Kentucky's Open Records Act. The Open Records Act itself defines for its purposes what constitutes a public agency. Accordingly, we have no cause to even look outside the Open Records Act; we must accept the definition given to us by the General Assembly. See Jenkins v. Commonwealth , 496 S.W.3d 435, 455 (Ky. 2016).
Based on the record and the plain language of Kentucky's Open Records Act, we are confident that both the OAG and the circuit court reached the correct conclusion. Correct Care does not meet the definition of a public agency for purposes of Kentucky's Open Records Act. Therefore, it had no obligation to respond to Salinas's request for records.
IV. CONCLUSION
For the reasons set forth above, we affirm the opinion and order of the Franklin Circuit Court.
ALL CONCUR.