RENDERED: OCTOBER 27, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0170-MR

KENTUCKY OPEN GOVERNMENT
COALITION, INC.                                                                                      APPELLANT


                    APPEAL FROM FRANKLIN CIRCUIT COURT
v.                  HONORABLE THOMAS D. WINGATE, JUDGE
                         ACTION NO. 21-CI-00680


KENTUCKY DEPARTMENT OF FISH
AND WILDLIFE RESOURCES
COMMISSION                                                                                            APPELLEE

AND


NO. 2022-CA-0192-MR

KENTUCKY DEPARTMENT OF FISH
AND WILDLIFE RESOURCES
COMMISSION                                                                              CROSS-APPELLANT


          CROSS-APPEAL FROM FRANKLIN CIRCUIT COURT
v.              HONORABLE THOMAS D. WINGATE, JUDGE
                     ACTION NO. 21-CI-00680


KENTUCKY OPEN GOVERNMENT
COALITION, INC.                                                                         CROSS-APPELLEE

OPINION
AFFIRMING IN PART, VACATING IN PART,
AND REMANDING APPEAL NO. 2022-CA-0170-MR
AND AFFIRMING CROSS-APPEAL NO. 2022-CA-0192-MR

** ** ** ** **

BEFORE:  COMBS, McNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Kentucky Open Government Coalition, Inc. (Coalition) brings Appeal No. 2022-CA-0170-MR from a January 25, 2022, Opinion and Order of the Franklin Circuit Court adjudicating the Coalition's entitlement to certain records pursuant to the Kentucky Open Records Act, and the Kentucky Department of Fish and Wildlife Resources Commission (Commission) brings Cross-Appeal No. 2022-CA-0192-MR from the same January 25, 2022, Opinion and Order of the Franklin Circuit Court.  We affirm in part, vacate in part, and remand Appeal No. 2022-CA-0170-MR, and we affirm Cross-Appeal No. 2022-CA-0192-MR.

On August 10, 2021, the Coalition submitted an open records request to the records custodian of the Kentucky Department of Fish and Wildlife.  In particular, the Coalition sought all emails and text messages sent between certain present and past members of the Commission.  This request was for the period of time from June 1, 2020, to August 10, 2021.  Most importantly, the request specifically stated that it was "**not limited** to communications that took place on government-owned email accounts and cell phones."  Open Records Request at 2.

-2-

The request expressly embraced "public records . . . generated on private cell phones [and] on private email services[.]" Open Records Request at 2. It also explicitly excluded any "[c]ommunications of a purely personal nature unrelated to any governmental function." Open Records Request at 2.

In response to the Coalition's open records request, three responses were furnished by the Commission on August 17, 2021; August 24, 2021; and August 27, 2021. In the last response (August 27, 2021), the Commission stated:

> *In re:  Brian Mackey/Department of Fish and Wildlife*, 21-ORD-127 (2021) provides that documents solely in the possession of individuals on their personal devices are not owned by the Commonwealth and therefore are not "public records" within the scope of the open records act. *See also* KRS [Kentucky Revised Statutes] 61.870 *et seq.* Commission members were provided with a copy of your open records request, and were asked to produce any responsive documents which may be contained in their personal email. No such privately owned communications have been provided for the Department's review or release. Further, members of the Fish and Wildlife Resources Commission can only conduct business when in a public meeting with a quorum. By definition there can be no "action taken" by individual commission members to make a final policy decision for the Department on their own, or otherwise conduct the business of the department outside of a public meeting. *See* KRS 61.805 and 61.810. Therefore, the personal emails/texts of Commission members are not considered public records to be retained by the Department.

August 27, 2021, Open Records Request at 2. Thus, no records were produced that were stored on the Commission members' private email accounts or personal cell phones.

On September 3, 2021, the Coalition filed a complaint in the Franklin Circuit Court against the Commission. Therein, the Coalition alleged:

> 1. The Kentucky Open Government Coalition, Inc. ("KOGC") is a 501(c)(3) non-profit corporation with its principal office address at 612 S. Main St., Suite 203, Hopkinsville, KY 42240.
>
> 2. The Kentucky Department of Fish and Wildlife Commission ("Commission") is a nine-member board established pursuant to KRS 150.022, with a principal office address of 1 Sportsman's Lane, Frankfort, KY 40601. Its volunteer members are appointed by the Governor. KRS 150.022(3). For purposes of the Open Records Act, the Commission meets the definition of "[p]ublic agency" contained in KRS 61.870(1).
>
> 3. This action is brought under KRS 61.882 to challenge the Commission's partial denial of an open records request in violation of the Open Records Act submitted by KOGC.
>
> . . . .
>
> 6. Upon information and belief, Commissioners are not provided with government devices or email addresses to conduct official Commission business.
>
> 7. Indeed, the Commission's website lists each Commissioner's personal contact information, including non-governmental street and e-mail addresses and phone numbers. *See* Kentucky Department of Fish and Wildlife

-4-

Resources, District Commission Members (attached hereto as **Exhibit 1**).

8.    Upon information and belief, Commissioners send and receive all agency-related communications, including emails and text messages, on non-government devices and accounts.

9.    Any communications sent or received by the Commission members regarding their roles as Commissioners constitute public records regardless of the device or account from which they were sent or received.  *See* KRS 61.870(2), 61.878(1)(r).

. . . .

30.    On August 10, 2021, the Kentucky Open Government Coalition submitted the Open Records request attached hereto as **Exhibit 2**.  That request sought:

> All emails and text messages that were sent from 1 June 2020 to present time, between any 2 or more of the following individuals listed:  Rich Storm (former Commissioner KDFWR), Brian Clark (deputy commissioner/acting commissione[r] KDFWR), KDFWR Commission Chairman-Karl Clinard, Jeff Eaton (past 6th district commissioner), KDFWR Commission members, Representative C. Ed Massey and Representative Matthew Koch.

31.    The request was explicit that it "is **not limited** to communications that took place on government-owned email accounts and cell phones."  *Id.* (emphasis in original).  Rather, "[t]he scope of Coalition's request should additionally include all responsive public records which were generated on private cell phones, on private email services, or through other private communication

-5-

channels." *Id.* "KRS 61.870(2) provides that records which are prepared or used by a public agency are public records subject to the Open Records Act, equal to those which are owned or retained by a public agency." *Id.* "The only responsive records exempt from disclosure, regardless of what kind of device they were sent from or received on, are '[c]ommunications of a purely personal nature unrelated to any governmental function.'" [*Id.*] (quoting KRS 61.878(1)(r)).

32. On August 17, 2021, the Commission provided an initial response to KOGC, including some of the responsive records ("First Response"). The First Response is attached hereto as **Exhibit 3**.

33. The First Response indicated that other documents would be reviewed for redaction and be available by August 24, 2021. It did not, however, state whether the Commission would search the personal phones or email accounts of any of the Commissioners named in the request.

34. On August 24, 2021, the Commission provided another response to KOGC ("Second Response"), informing it that it would need more time to review the responsive records for production and would not be meeting its self-imposed deadline. The Second Response is attached hereto as **Exhibit 4**.

35. As with the First Response, the Second Response did not indicate whether the Commission was searching the personal phones or email accounts of any of the Commissioners named in the request.

36. The following day, KOGC emailed the Commission, asking it to "confirm if your search for responsive records includes emails sent or received exclusively on private devices/addresses?" Aug. 25 Email (attached hereto as **Exhibit 5**). The email noted that "[a]ll of the responsive records I have reviewed so

far have at least one email address that is government-owned."

37. The email went on to note that it was KOGC's "understanding that several commission members use private email to conduct public business," [which] would make the documents "public records under the definition set out in the Open Records Act." *Id.* KOGC asked the Commission to confirm "if emails that took place only on private servers are being reviewed as part of my request?"

38. On August 27, 2021, the Commission sent a third and final response to KOGC ("Third Response"). The Third Response is attached hereto as **Exhibit 6**.

39. The Third Response included a link where additional documents were made available. It also made clear that the Commission was not producing any emails contained solely on Commissioners' personal devices or email accounts.

40. The Third Response stated that "[i]n response to your email of August 25, 2021, *In re: Brian Mackey/Department of Fish and Wildlife*, 21-ORD-127 (2021) provides that documents solely in the possession of individuals on their personal devices are not owned by the Commonwealth and therefore are not [']public records['] within the scope of the open records act."

41. Although the Third Response stated that "Commission members were provided with a copy of your open records request, and were asked to produce any responsive documents which may be contained in their personal email," it confirmed that "[n]o such privately owned communications have been provided for the Department's review or release." *Id.*

42. Thus, the Commission has failed to provide any communications between and among the Commissioners

on their private devices or email accounts from which they do all Commission business, relying on the legally incorrect assertion that these are not "public records."

43.     The Third Response also advanced arguments about the Open Meetings Act that are utterly irrelevant to the question of whether the Commissioners' emails are public records within the meaning of KRS 61.870(2). Namely, it argued:

> Further, members of the Fish and Wildlife Resources Commission can only conduct business when in a public meeting with a quorum. By definition there can be no "action taken" by individual commission members to make a final policy decision for the Department on their own, or otherwise conduct the business of the department outside of a public meeting. *See* KRS 61.805 and 61.810. Therefore, the personal emails/texts of Commission members are not considered public records to be retained by the Department.

44.     This argument is so patently deficient as to constitute bad faith. Although the emails and texts might well reveal a violation of the Open Meetings Act, the Commissioners' compliance with that statute has no bearing on whether the emails and texts in question are public records under the ORA. The Commission's own lawyers trained the Commissioners that all their communications, regardless of device, are subject to the ORA unless a specific exemption applies. *See supra*.

. . . .

47.     Emails and text messages between Commissioners about the agency's business are public records within the meaning of KRS 61.870(2) because they were "prepared"

-8-

and "used" by the members of the Commission, regardless of where they are stored.

48.     If any Commissioners is [sic] the "sole possessor of public records, the agency 'is obligated to retrieve them from [the employee] to facilitate public access to the records.'"  17-ORD-273 (quoting 11-ORD-105).

49.     The Commission willfully violated the Open Records Act when it (1) disregarded the Act's clear statutory language to claim that records prepared and used by Commission members were not "public records"; (2) ignored the prior training that TAHC attorneys gave Commissioners, which explained that even communications on personal accounts and devices are subject to the ORA if they pertain to their roles as Commissioners; (3) refused to change course even after KOGC pointed out the statutory language making clear any record prepared or used by Commissioners in performance of their duties are public records; (4) failed to obtain responsive records from Commission members; and (5) relied on inapplicable Open Meetings Act provisions in an attempt to frustrate the public's right to learn what appointed Commissioners are communicating with one another, perhaps in violation of that latter statute.

50.     Pursuant to KRS 61.882(2), the KOGC is entitled to seek injunctive and other relief from the Commission's actions with respect to its Open Records request directly from this Court without first seeking relief from the Attorney General under KRS 61.880.

51.     Pursuant to KRS 61.882(4), this action should take precedence on this Court's docket over all other actions and should be assigned for hearing or trial at the earliest practicable date.

52.     Pursuant to KRS 61.882(5), the KOGA is entitled to recover its costs, reasonable attorneys' fees from this

> lawsuit, and statutory penalties because the Commission
> has willfully withheld the requested records in violation
> of the Open Records Act.

September 3, 2021, Complaint at 2, 3, and 9-14 (footnote omitted).

The Commission filed an answer and, thereafter, filed a motion for summary judgment. In the motion, the Commission initially explained that "[t]his case presents an issue of first impression for this Court arising from contrasting opinions of current and former Attorney Generals of the Commonwealth of Kentucky." October 29, 2021, motion for summary judgment at 1. Thereafter, the Commission pointed out that the Commission members were volunteer members and that their cell phones were in no part paid for by the Commission. Rather, the Commission members paid for their own cell phones. Additionally, the Commission emphasized that the Commission members did not possess official email accounts but instead maintained private email accounts. The Commission argued that records (text messages or emails) stored on privately owned devices were not public records in the possession of the Commission under Kentucky Revised Statutes (KRS) 61.870(2). The Commission also maintained that the text messages and emails were exempt from disclosure under KRS 61.878, as communications of a purely personal nature. And, the Commission averred that the records request was so broad as to be unduly burdensome.

Thereafter, the Coalition also filed a motion for summary judgment. The Coalition argued that "[a]ny communications sent or received by the Commissioners regarding their role on the Fish and Wildlife Commission constitute public records regardless of the device or account from which they were sent or received." Coalition's October 29, 2021, motion for summary judgment at 9. The Coalition maintained that it only requested records or communications that occurred between two or more members regarding their role as Commission members. Also, the Coalition pointed out that it particularly excluded from the request any documents of a purely personal nature. Citing to KRS 61.870(2), the Coalition asserted that the requested records were clearly "prepared" or "used" by the Commission members in relation to Commission business and, thus, were public records subject to disclosure.

By Opinion and Order entered January 25, 2022, the circuit court granted in part and denied in part the motions for summary judgment filed by the Commission and the Coalition. The circuit court determined that emails concerning business of the Commission sent to or received *via* the Commission members' private email accounts were public records subject to disclosure. On the other hand, the circuit court determined that text messages concerning Commission business sent to or received on the Commission members' private cell phones were not subject to disclosure. In reaching this decision, the circuit court reasoned:

[T]he issue really turns to the plain language of KRS 61.870(2).  As written, the statute includes records "which are prepared, owned, used, in the possession of *or* retained by a public agency."  KRS § 61.870(2) (emphasis added).  The use of "or" clearly indicates that the statute does not take a *possession* only approach.  Rather, as written, the statute encompasses records that are either:  prepared, owned, used, in the possession of, *or* retained by an agency.  Thus, as the KOGC offers, records used or prepared by an agency fall within the scope of the Open Records Act regardless of where the record is stored.  A possession only approach does not comport with the plain language of KRS 61.870(2) or the general purpose of the Open Records Act. . . .

　　　　. . . .

[B]ecause the Commissioners lack state email accounts and their personal email accounts are listed on the Commission's official website as the point of contact, it seems logical that emails sent or received via the Commissioners' personal email accounts concerning state business are "prepared" and "used" by the Commission, therefore placing the emails at issue within the purview of the Open Records Act, absent an exception applying.

　　　　However, the Court's analysis does not stop there. In the August 27, 2021, letter, the Commission stated:

> Commission members were provided with a copy of your open records request and were asked to produce any responsive documents which may be contained in their personal email.  No such privately owned communications have been provided for the Department's review or release.

The language used by the Commission to deny producing the requested emails is confusing and leads the Court to

-12-

two (2) separate conclusions. First, if by the language used in the August 27, 2021, letter, the Commission means that the Commissioners were provided a copy of the KOGC's open records request and the Commissioners searched their personal email accounts, which they use for state business, and *no* responsive records were found, then the Commission has acted in accordance with the Open Records Act. An agency cannot provide records which do not exist, and an agency is not required to prove a negative when affirmatively stating that records do not exist.

But, if by the language used in the August 27, 2021, letter, the Commission means that the Commissioners were provided a copy of the KOGC's open records request and the Commissioners declined to search for responsive records or turn over any emails from their personal email accounts, which they admittedly use for state business, then the Commission has violated the Open Records Act. Accordingly, the Court **REMANDS** this matter to the Commission and the Commission is **ORDERED** to obtain any emails from the Commissioners' personal email accounts that relate to the KOGC's open records request. The Commission shall then analyze whether any records are subject to being withheld under a specific exemption and outline how the exemption applies to each withheld record.

. . . .

Despite the Court's holding with respect to emails on a private email account, the Court finds that text messages and other forms of communication sent or received on private devices are exempt from disclosure under the Open Records Act pursuant to KRS 61.872(6) and general personal privacy concerns. "'Although the general policy of the Open Records Act favors broad availability of public records, that availability is not unlimited.' 'Perhaps the main exception to the general presumption that public records are subject to public

inspection is contained in KRS 61.872(6), which provides that an otherwise valid open records request may be denied if complying with it would cause 'an unreasonable burden[.]'" *Department Of Kentucky State Police v. Courier Journal*, 601 S.W.3d 501, 505 (Ky. Ct. App. 2020) (quoting *Commonwealth v. Chestnut*, 250 S.W.3d 655, 664 (Ky. 2008)). Whether an open records request falls within this exception is a highly fact-specific determination and requires clear and convincing evidence. *Courier Journal*, 601 S.W.3d at 505-06; KRS § 61.872(6).

First, the Court cannot in good faith adopt the KOGC's desired ruling. Doing so would lead to permitted fishing expeditions into the private cell phones and private lives of state employees, officials, volunteers, etc. There is no question that publicly funded cell phones are subject to the Open Records Act because the purpose of publicly funded cell phones is to conduct state business. However, it is unfathomable for the government to force state employees, officials, and volunteers to hand over their privately-owned devices for inspection of possible records.

Realistically, it is impractical to subject private cell phones to the Open Records Act. As noted, doing so will likely lead to fishing expeditions and subject state agencies, the Attorney General's Office, and any reviewing court to invasively review private data to determine if any text messages or other private forms of communication constitute a public record subject to disclosure. This would create an unreasonable burden. The substantial volume of records involved exacerbates the difficulty of separating personal data from non-personal data. Additionally, when considering the sheer number of state employees, officials, volunteers, etc. whose privately-owned cell phones would be subject to open records requests, it would make responding to any such open records request unmanageable for state agencies.

Moreover, the Court must state that requiring state employees, officials, volunteers, etc. to hand over a personal cell phone, for which no public funds were spent, and thus is not traditionally used, nor should be used, for official business, is highly invasive. State employees, officials, and volunteers still possess a right to privacy and the right to maintain personal lives free from government overreach. Thus, the Court's holding goes to more than just the burden that sorting through private cell phones would cause state agencies, the Attorney General's Office, and reviewing courts. The Court is highly concerned about the government overreach in forcing state employees, officials, and volunteers to hand over their privately-owned devices for the government to browse. State employees, officials, volunteers, etc. are entitled to privacy and broadly subjecting their privately-owned devices, which arguably would then include their private social media accounts and any other channels of communication, would absolutely discourage any person from state employment, running for public office, or accepting the honor of serving on a state board.

In the end, emails sent or received from a private email account and text messages and other private forms of communication are fundamentally different. Text messages and other private forms of communication are generally not accepted forms of communication for government business. Subjecting text messages and messages contained on other private channels of communication to disclosure would serve no valid public interest and would instead invade individuals' privacy interests. Further, text messages and other private forms of communication are contained on cell phones, which here are privately-owned. The ultimate responsibility in curbing the use of private devices for public business rests with state agencies. State agencies shall instruct employees, officials, and volunteers not to conduct state business on privately-owned devices. State agencies also have the power to issue publicly funded cell phones for

employees, officials, and volunteers to conduct state business. Again, the Court admonishes state employees, officials, volunteers, etc. from using privately-owned devices to conduct state business, but the Court firmly holds that subjecting text messages and other forms of communication contained on privately-owned devices to the Open Records Act would create an unreasonable burden on state agencies in producing records and would grossly encroach on the private lives of state employees, officials, and volunteers.

January 25, 2022, Opinion and Order at 10-17 (footnotes omitted). The court also concluded that the Commission did not willfully withhold public documents in contravention of KRS 61.882.

The Coalition filed Appeal No. 2022-CA-0170-MR and the Commission filed Cross-Appeal No. 2022-CA-0192-MR from the January 25, 2022, Opinion and Order. We shall initially consider Appeal No. 2022-CA-0170-MR and then Cross-Appeal No. 2022-CA-0192-MR.

To begin, summary judgment is proper when there exists no genuine issue as to any material fact and movant is entitled to judgment as a matter of law. Kentucky Rules of Civil Procedure (CR) 56.03; *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky. 1991). All facts and inferences therefrom are viewed in a light most favorable to the nonmoving party. *Steelvest*, 807 S.W.2d at 480. As there are no factual issues, our review looks to any questions of law, said review being *de novo*. *Brown v. Griffin*, 505 S.W.3d 777, 781 (Ky. App. 2016). Our review proceeds accordingly.

-16-

The Coalition contends that the circuit court erroneously determined that communications in the form of text messages concerning Commission business sent from or stored upon the private personal devices (cell phones) of Commission members were exempt from disclosure under KRS 61.872(6) or due to privacy issues. Under the Open Records Act, the Coalition argues that public records are simply documents prepared by or used by a public agency. KRS 61.870. The Coalition points out that the location of the public record is irrelevant. Therefore, the Coalition maintains that text messages, concerning Commission affairs, stored on the members' private cell phones are public records. Moreover, the Coalition argues that the Commission failed to introduce clear and convincing evidence that disclosure of the text messages would be unduly burdensome per KRS 61.872(6). And, the Coalition points out that its open records request specifically excluded all personal text messages.

Open Records Act – Text Messages

The Open Records Act is codified in KRS 61.870 to KRS 61.884. Therein, the General Assembly boldly "declar[ed] that the basic policy of KRS 61.870 to 61.884 is that free and open examination of public records is in the public interest[.]" KRS 61.871. The General Assembly understood that government transparency and a well-informed citizenry are vital to the function

and the survival of our democracy. So, in Kentucky, "[a]ll public records shall be open for inspection[.]" KRS 61.872(1). To that end, the Kentucky Supreme Court has recognized that the Open Records Act "generally favors disclosure." *Univ. of Ky. v. Kernel Press, Inc.*, 620 S.W.3d 43, 52 (Ky. 2021). There are limited exceptions or exclusions to disclosure of public records, but "the exceptions provided for by KRS 61.878 or otherwise provided by law shall be strictly construed[.]" KRS 61.871. When a public records request is denied, the response by the agency must "include a statement of the specific exception authorizing the withholding of the record and a brief explanation of how the exception applies to the record withheld." KRS 61.880(1).

> The Open Records Act defines "public record" as:
>
> (2) "Public record" means all books, papers, maps, photographs, cards, tapes, discs, diskettes, recordings, software, or other documentation regardless of physical form or characteristics, which are prepared, owned, used, in the possession of or retained by a public agency. "Public record" shall not include any records owned or maintained by or for a body referred to in subsection (1)(h) of this section that are not related to functions, activities, programs, or operations funded by state or local authority[.]

KRS 61.870(2). Also, public agency is defined as:

> (1) "Public agency" means:
>
> (a) Every state or local government officer;

-18-

(b) Every state or local government department, division, bureau, board, commission, and authority;

(c) Every state or local legislative board, commission, committee, and officer;

(d) Every county and city governing body, council, school district board, special district board, and municipal corporation;

(e) Every state or local court or judicial agency;

(f) Every state or local government agency, including the policy-making board of an institution of education, created by or pursuant to state or local statute, executive order, ordinance, resolution, or other legislative act;

(g) Any body created by state or local authority in any branch of government;

(h) Any body which, within any fiscal year, derives at least twenty-five percent (25%) of its funds expended by it in the Commonwealth of Kentucky from state or local authority funds. However, any funds derived from a state or local authority in compensation for goods or services that are provided by a contract obtained through a public competitive procurement process shall not be included in the determination of whether a body is a public agency under this subsection;

(i) Any entity where the majority of its governing body is appointed by a public agency as defined in paragraph (a), (b), (c), (d), (e), (f), (g), (h), (j), or (k) of this subsection; by a member or employee of such a public agency; or by any combination thereof;

(j) Any board, commission, committee, subcommittee, ad hoc committee, advisory committee, council, or

agency, except for a committee of a hospital medical staff, established, created, and controlled by a public agency as defined in paragraph (a), (b), (c), (d), (e), (f), (g), (h), (i), or (k) of this subsection; and

(k) Any interagency body of two (2) or more public agencies where each public agency is defined in paragraph (a), (b), (c), (d), (e), (f), (g), (h), (i), or (j) of this subsection[.]

KRS 61.870(1).

Under KRS 61.870(2), the ambit of what constitutes a public record is expansive; it includes papers, books, recordings, or "other documentation regardless of physical form or characteristics" that are prepared, used, in the possession of, **or** retained by a public agency. Considering this unambiguous definition, a public record may be prepared by **or** used by a public agency but not necessarily in the possession of a public agency. Accordingly, a text message stored on a cell phone would qualify as electronic documentation pursuant to KRS 61.870(2).

Likewise, public agency is broadly defined as including every state government officer, board, commission or any body created by state authority. KRS 61.870(1). The Commission is created by KRS 150.022, and its members are appointed by the Governor and confirmed by the Kentucky Senate. The Commission members are not paid employees and are required to take the

constitutional oath of office. Considering the unambiguous language of KRS 61.870, the Commission and/or its members certainly qualify as public agencies.

Based on our review of applicable law, we are of the opinion that text messages stored on personal cell phones are public records when such messages are prepared by or used by the members of the Commission and relate to or concern Commission business. To hold otherwise would certainly defeat the underlying purpose of the Open Records Act as public officials could easily evade disclosure of public records by simply utilizing their personal cell phones. Additionally, in this case, Commission members were not provided with official email accounts or cell phones, thus necessitating the use of their personal phones for Commission business.

As to the text messages, both the Commission and its members have a duty to produce public records within their "custody or control." KRS 61.872(4). It is beyond cavil that the Commission members have custody or control over text messages stored on their personal cell phones, and as either agents of the Commission or as officials thereof, the Commission members are bound by the Open Records Act. *See Edmondson v. Alig*, 926 S.W.2d 856, 859 (Ky. App. 1996).

Therefore, we hold that text messages related to Commission business and stored on personal cell phones of its members are public records generally subject to disclosure under the Open Records Act absent an applicable exception.

Exceptions – Unreasonable Burden

As set forth above, public records are generally subject to disclosure; however, such public records may be excepted from disclosure "[i]f the application places an unreasonable burden in producing public records" upon the public agency. KRS 61.872(6). As to this exception, the Kentucky Supreme Court has instructed that "a public agency refusing to comply with an open records request on this unreasonable-burden basis faces a high proof threshold since the agency must show the existence of the unreasonable burden 'by clear and convincing evidence.'" *Commonwealth v. Chestnut*, 250 S.W.3d 655, 664 (Ky. 2008) (quoting KRS 61.872(6)). The initial determination of unreasonable burden is highly fact specific and must be considered on a case-by-case basis. *Dep't of Ky. State Police v. Courier Journal*, 601 S.W.3d 501, 505-06 (Ky. App. 2020). As an appellate court, we normally "review the circuit court's factual findings for clear error, and issues concerning the construction of the Open Records Act *de novo*." *Salinas v. Correct Care Sols., LLC*, 559 S.W.3d 853, 856 (Ky. App. 2018) (citation omitted).

However, in this case, the circuit court rendered summary judgment, triggering our review under CR 56 and whether there exists a genuine issue as to

any material fact. In its Opinion and Order granting summary judgment, the circuit court determined that the Coalition's request for text messages constituted an unreasonable burden on state agencies. As a basis for its decision, the circuit court believed that "when considering the sheer number of state employees, officials, volunteers, etc. whose privately-owned cell phones would be subject to open records requests, it would make responding to any such open records request unmanageable for state agencies." Opinion and Order at 15. In so ruling, the circuit court was concerned generally with "the sheer number" of open records requests that could possibly flow from permitting disclosure of public records in the form of text messages stored on personal cell phones of all public officials or employees. However, the unreasonable burden inquiry must be considered on a case-by-case basis. *See Dep't of Ky. State Police*, 601 S.W.3d at 505-06 ("The statute contemplates a case-specific approach[.]"); *Chestnut*, 250 S.W.3d at 665 (holding that "the DOC's argument regarding the unreasonable burden of complying with open records requests of inmates as a whole class of people misses the mark because the unreasonable burden language in KRS 61.878(6) focuses on a singular 'application,' not a group of applications from an entire class of applicants."). Therefore, the relevant inquiry is whether this particular open records request by the Coalition constitutes an unreasonable burden upon the Commission and its members considering the particular facts of this case. This

question was left unanswered by the circuit court. We, thus, vacate the circuit court's determination of unreasonable burden, and upon remand, the circuit court shall reconsider same based upon the particular facts of this case as pertains to the requests submitted to the Commission.

Exceptions – Privacy

Under the Open Records Act, public records may be excepted from disclosure if the record contains "information of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy[.]" KRS 61.878(1)(a). When determining whether a public record is excepted, the Court " 'must balance the interest in personal privacy the General Assembly meant to protect, on the one hand, against, on the other, the public interest in disclosure.' " *Univ. of Ky.*, 620 S.W.3d at 59 (quoting *Kentucky New Era, Inc. v. City of Hopkinsville*, 415 S.W.3d 76, 82 (Ky. 2013)).

In its Opinion and Order, the circuit court was concerned with the privacy interests of state employees and officials in their personal cell phones. The circuit court was "highly concerned about the government overreach in forcing state employees, officials, and volunteers to hand over their privately-owned devices for the government to browse" for public records.[1] Opinion and Order at

---

[1] We note members of the Kentucky Department of Fish and Wildlife Resources Commission (Commission) could simply search their cell phones for public records and transmit those public records to the Commission.

16. At the same time, the circuit court inexplicably "admonishe[d] state employees, officials, volunteers, etc. from using privately-owned devices to conduct state business[.]" Opinion and Order at 17.

The Commission has also argued that its members possess privacy interests in their personal cell phones that preclude disclosure of text messages relating to Commission business under the Open Records Act. However, it is incongruous for the Commission to argue that its members have such a privacy interest in personal cell phones while not providing its members with cell phones, thus necessitating the members use of private cell phones for official business.

While public officials and employees certainly possess privacy interests in their personal cell phones, public officials and employees' privacy interests in text messages that relate to official business are a different matter. The Open Records Act recognizes a privacy exemption as to personal information contained in public records. KRS 61.878(1)(a). Here, however, the Commission has not demonstrated that the text messages sought in the open records request contained personal information. In fact, information in text messages of a personal nature was specifically excluded from the open records request by the Coalition.

To categorically exclude all text messages on personal cell phones from the scope of the Open Records Act would surely operate to encourage the use of personal electronic devices and place vital public records beyond the reach of

citizens. While this Court is mindful of the privacy interests of public officials and employees, it also understands that open access to public records is an essential check on the power of public officials and employees. Current events speak to the necessity of holding public officials accountable and of the public's right to know whether public officials and agencies are properly performing their respective official duties. Hence, we conclude that the circuit court erred by determining that text messages stored upon personal cell phones of Commission members were not subject to disclosure under the Open Records Act.

Willful Violation

The Coalition also argues that the circuit court erred by finding that the Commission did not willfully violate the Open Records Act. In particular, the Coalition maintains that the Commission acted in a conscious and deliberate disregard for the Coalition's rights by not producing public records on personal cell phones and email accounts. The Coalition points out that the Commission did not provide its members with cell phones or official email accounts, thus necessitating the members use of private cell phones and email accounts. As a result, according to the Coalition, public documents were necessarily stored on the private devices and in the private email accounts of Commission members.

As to a willful violation of the Open Records Act, KRS 61.882 provides, in relevant part:

-26-

> Any person who prevails against any agency in any action in the courts regarding a violation of KRS 61.870 to 61.884 may, upon a finding that the records were willfully withheld in violation of KRS 61.870 to 61.884, be awarded costs, including reasonable attorney's fees, incurred in connection with the legal action. If such person prevails in part, the court may in its discretion award him costs or an appropriate portion thereof. In addition, it shall be within the discretion of the court to award the person an amount not to exceed twenty-five dollars ($25) for each day that he was denied the right to inspect or copy said public record. Attorney's fees, costs, and awards under this subsection shall be paid by the agency that the court determines is responsible for the violation.

KRS 61.882(5). Under KRS 61.882(5), the term "'willful' connotes that the agency withheld requested records without plausible justification and with conscious disregard of the requester's rights." *City of Fort Thomas v. Cincinnati Enquirer*, 406 S.W.3d 842, 854 (Ky. 2013).

In its Opinion and Order, the circuit court believed that the Commission did not willfully fail to comply with the Coalition's open records request. And, upon the whole, we cannot conclude that the circuit court erred. In fact, we recognize that Kentucky law surrounding the Coalition's open records request as to personal email accounts and text messages stored on personal cell phones was unsettled. Consequently, we conclude that the circuit court properly found that the Commission did not act willfully pursuant to KRS 61.882(5).

We view any remaining contentions of error raised by the Coalition to be moot or without merit.

CROSS-APPEAL NO. 2022-CA-0192-MR

The Commission argues on cross-appeal that the circuit court erroneously concluded that emails concerning Commission business stored on private email accounts of its members are public records subject to disclosure under the Open Records Act.

For the reasons set forth in Appeal No. 2022-CA-0170-MR, we, likewise, conclude that emails concerning Commission business that are stored on the members' personal email accounts qualify as public records subject to disclosure under the Open Records Act. Additionally, we reject the Commission's argument that official documents of the Commission may only be generated by a quorum of members. As set forth in the above appeal, public records of a public agency are not so narrowly defined under the Open Records Act.

The Commission also asserts that the open records request by the Coalition was overly broad and unreasonable burdensome under KRS 61.872(6). However, the Commission failed to set forth particular facts demonstrating that the Commission would be unreasonably burdened by complying with the open records request by the Coalition. Instead, the Commission argues that the "possibility of unfettered fishing expeditions into private emails and texts . . . places an undue

-28-

burden on public agencies" and that with "nearly four hundred (400) boards and commissions" in Kentucky, "[i]t would be manifestly unjust to force agencies and individual board or commission members . . . to separate all personal emails from agency emails, [and] turn over information from their private cell phones[.]" Commission's Brief at 19. These arguments concern the general effect of open records requests possibly made *in futuro* upon Kentucky's commissions, boards, and members thereof. However, it is incumbent upon the Commission to demonstrate with particular facts that the Commission's compliance with the instant open records request by the Coalition would be unreasonably burdensome. Based on our review of the record, we conclude that the circuit court properly rejected the Commission's argument that disclosure of the emails was exempt from disclosure under KRS 61.872(6).

We view any remaining contentions of error as moot or without merit.

SUMMARY

In Appeal No. 2022-CA-0170-MR, we hold that text messages related to Commission business and stored on personal cell phones of its members are public records generally subject to disclosure under the Open Records Act. As to the exemption of undue burden under KRS 61.872(6), we vacate the circuit court's determination of undue burden, and upon remand, the circuit court shall reconsider same based upon the particular facts of this case as pertains to the Commission and

-29-

its members only. We affirm the circuit court's decision that the Commission's partial denial of the open records request by the Coalition was not willful per KRS 61.882(5).

In Cross-Appeal 2022-CA-0192-MR, we affirm the circuit court's decision that emails concerning Commission business that are stored on the members' personal email accounts qualify as public records subject to disclosure under the Open Records Act and are not exempt from disclosure under KRS 61.872(6).

For the foregoing reasons, the Opinion and Order of the Franklin Circuit Court is affirmed in part, vacated in part, and remanded for proceedings consistent with this Opinion in Appeal No. 2022-CA-0170-MR, and is affirmed in Cross-Appeal No. 2022-CA-0192-MR.

COMBS, JUDGE, CONCURS.

MᴄNEILL, JUDGE, CONCURS AND FILES SEPARATE OPINION.

MᴄNEILL, JUDGE, CONCURRING: In an opinion about texts and emails, we must be sure to not send the wrong message. While I concur with the majority's Opinion, I write separately to assuage any concerns the Kentucky Open Records Act[2] ("the Act") requires public agencies to turn over private cell phones

---

[2] Kentucky Revised Statutes (KRS) 61.870 to 61.884.

or that today's holding will impose an extreme burden on agencies to identify and produce all public records generated on private cell phones or private email accounts. Our Opinion merely holds that "text messages [or emails] related to Commission business and stored on personal cell phones [or personal email accounts] of its members are public records generally subject to disclosure under the Open Records Act *absent an applicable exception*." Majority Opinion at 22, 28 (emphasis added).

Thus, only those public records not covered by an exemption would be subject to disclosure. "KRS 61.878(1) provides fourteen categories of public records that are [excluded from disclosure under the Act.]" *University of Kentucky v. Kernel Press, Inc.*, 620 S.W.3d 43, 52 (Ky. 2021). The majority Opinion rightly limits itself to only those exclusions argued by the Commission below and on appeal: undue burden (KRS 61.872(6)) and invasion of personal privacy (KRS 61.878(1)(a)).

However, other exemptions could be especially relevant in the context of (often informal) email and text message exchanges. KRS 61.878(1)(i) excludes from disclosure "Preliminary drafts, notes, correspondence with private individuals, other than correspondence which is intended to give notice of final action of a public agency[,]" while KRS 61.878(1)(j) exempts "[p]reliminary recommendations, and preliminary memoranda in which opinions are expressed or

policies formulated or recommended[.]" In sum, the Act provides exceptions that could limit, practically, the number of text messages or private emails an agency would be required to produce in response to an open records request. However, the Act also explicitly recognizes that "free and open examination of public records . . . may cause inconvenience . . . to public officials or others." KRS 61.871.

| BRIEFS FOR APPELLANT/CROSS-APPELLEE: | BRIEF FOR APPELLEE/CROSS-APPELLANT: |
|---|---|
| Jon L. Fleischaker<br>Michael P. Abate<br>William R. Adams<br>Louisville, Kentucky | Jonathan D. Goldberg<br>Anthony R. Johnson<br>Jan M. West<br>Prospect, Kentucky |
| ORAL ARGUMENT FOR APPELLANT/CROSS-APPELLEE: | ORAL ARGUMENT FOR APPELLEE/CROSS-APPELLANT: |
| Michael P. Abate<br>Louisville, Kentucky | Jan M. West<br>Prospect, Kentucky |